UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RED TOP RENTALS, INC.,                       Case No. 09-05229-JKC-11
                                           Chapter 11
       Debtor.                                  Hon. James K. Coachys

_____/

MICHIGAN TRACTOR and
MACHINERY CO. d/b/a MICHIGAN CAT,

       Plaintiff,

v.                                                                     Adv. Pro. No. 09-05064

RED TOP RENTALS, INC. and
JOHN E. DOWDEN,

       Defendants.

_____/

## OPINION REGARDING PLAINTIFF'S MOTION TO REMAND

The matter before the Court is Plaintiff's Motion to Remand a removed State Court action to this Court.

### I. Background

Michigan Tractor and Machinery Co. d/b/a Michigan CAT (MCAT) contracted to sell various items of equipment to Red Top Rentals Inc. (Red Top). On August 1, 2008, Red Top and John Dowden (Dowden), Red Top's president, executed a Promissory Note and a Security Agreement covering the financed equipment as collateral. On October 15, 2008, Red Top and Dowden executed an Amendment to the Note. On January 31, 2005, Dowden executed a Guaranty, which guaranteed the prompt payment of all amounts due from Red Top to MCAT

under any notes, sales contracts, rentals, service work or open account, including any costs, attorney's fees and expenses incurred by MCAT as a result of Red Top or Dowden's default.

On March 27, 2009, MCAT filed a complaint in the Oakland County Michigan Circuit Court.[1] It alleges that Red Top and Dowden breached the terms of the Promissory Note, that Red Top is indebted to MCAT on a separate lease agreement for use of leased equipment, and that Dowden is personally liable for the indebtedness of Red Top, and requests a judgment against both Red Top and Dowden in the amount of $2,220,462.97. On April 20, 2009, Red Top filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division. On June 12, 2009, Dowden filed a notice of removal of the Oakland County Circuit Court case to this Court. On June 17, 2009, Dowden filed a Motion for Change of Venue, seeking to transfer the case to the bankruptcy court in Indiana, where Red Top's bankruptcy case is pending. On July 6, 2009, MCAT filed a Motion to Remand the case to the Oakland County Circuit Court. Both the Motion to Remand and the Motion for Change of Venue were set for a joint hearing before this Court. The latter is being held in abeyance pending this decision.

---

[1] Michigan Tractor and Machinery Co., d/b/a Michigan CAT vs. Red Top Rentals, Inc. and John E. Dowden, Case No. 09-099551-CK.

## II. Discussion

Timeliness of the Notice of Removal

MCAT argues that, pursuant to 28 U.S.C. § 1446(b), Dowden's Notice of Removal was untimely. Dowden argues that the Notice of Removal was timely because it was done pursuant to 28 U.S.C. § 1452, and, as such, is governed by Fed. R. Bankr. Pro. 9027(a)(2).

28 U.S.C. § 1446 states in relevant part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within *thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (emphasis added).

28 U.S.C. § 1452 states in relevant part:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452. Section 1334 lists four types of matters over which the district court has jurisdiction: (1) "cases under title 11," (2) "proceedings arising under title 11," (3) proceedings "arising in" a cause under title 11, and (4) proceedings "related to" a case under title 11. 28 U.S.C. § 1334. Fed. R. Bankr. Pro. 9027(a)(2) provides that a party has *90 days* after the

3

bankruptcy petition is filed to remove a case if the civil action was initiated before the commencement of the bankruptcy case.

In this case, the Oakland County Circuit Court complaint was filed on March 27, 2009. Red Top filed its bankruptcy petition on April 20, 2009. Dowden filed the Notice of Removal on June 12, 2009. The timeliness of the Notice of Removal depends on whether the MCAT's action against Dowden based on his guaranty liability is "related to" Red Top's bankruptcy case. If it is, the Notice of Removal would be timely based on the requirements of Fed. R. Bankr. Pro. 9027(a)(2). However, if it is not, the Notice of Removal would be untimely.

### "Related to" Jurisdiction

To determine whether the bankruptcy court has jurisdiction under § 1334, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy. *Michigan Employment Security Commission v. Wolverine Radio Company, Inc. (In re Wolverine Radio Company)*, 930 F.2d 1132, 1140 (6th Cir. 1991). The Sixth Circuit Court of Appeals clearly described "related to" jurisdiction in its opinion in *In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996).

> The definition of a "related" proceeding under Section 1334(b) was first articulated by the Third Circuit in the *Pacor* [*, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)]. As stated in that case, the "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could *conceivably have any effect* on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994. An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

*Dow Corning Corp.*, 86 F.3d at 489 (emphasis added). That Court further explained:

> A key word in [the] test is "conceivable." Certainty or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on "the debtor's rights, liabilities, options, or freedom of action" or the "handling and administration of the bankrupt estate."

4

*Id.* at 491 (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991)). The Sixth Circuit Court of Appeals has accepted that articulation, "albeit with the caveat that 'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.'" *Wolverine Radio Company*, 930 F.2d at 1142 (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)).

Dowden argues that the guaranty case against him is a related proceeding because its outcome could alter Red Top's liabilities, in that if MCAT obtains a judgment against him and subsequently collects on that judgment, Red Top's liability to MCAT and amounts available to other creditors would be altered. MCAT argues that the guaranty matter involves Dowden in his individual capacity only, and therefore, is not related to Red Top's bankruptcy.

Under the cited very broad standard, it is clear that the court has jurisdiction over proceedings that "could *conceivably* have *any* effect" on the debtor or the debtor's estate. Under this standard, an action by MCAT against Dowden on the guaranty is "related to" the bankruptcy case. Dowden is Red Top's president. Dowden is listed as a co-debtor on other Red Top obligations pending before the Indianapolis Bankruptcy Court, including a debt held to M & I Bank which is currently involved in a priority dispute with MCAT regarding certain equipment held by Red Top. To the extent that MCAT recovers against Dowden, it will reduce MCAT's claim against the assets of the bankruptcy estate. Thus, an action by MCAT to enforce the guaranty "could conceivably" affect the Debtor's estate and "related to" jurisdiction exists. *See In re Meadowbrook Estates*, 246 B.R. 898 (Bankr. E.D. Ca. 2000) (finding that "related to" proceedings include civil proceedings that take place between third parties "such as a suit between a creditor and a guarantor of the debtor's obligation") (citation omitted); *Boco Enter,*

5

*Inc. v. Saastopankkien Keskus-Osake-Pankki (In re Bocco Enter., Inc.)*, 204 B.R. 407 (Bankr. S.D. N.Y. 1997) (action by creditor against guarantor was "related to" bankruptcy case where guarantor was officer, director, and shareholder of debtor); *Hunnicutt Co., Inc. v. TJX Cos., Inc. (In re Ames Dep't. Stores, Inc.)*, 190 B.R. 157, 160 (S.D. N.Y. 1995) (finding claim against guarantor "related to" bankruptcy case where "the outcome of the dispute has the potential to alter the distribution of the debtor's estate to creditors"); *Widewaters Roseland Center Co. v. TJX Cos., Inc.*, 135 B.R. 204, 207-08 (N.D. N.Y. 1991) (finding suit against non-debtor guarantor had "significant connection" with bankruptcy case and was "related to" the case because suit might result in either plaintiff or non-debtor guarantor having claims against the estate).

The Court therefore concludes that it has "related to" jurisdiction, and thus, Dowden's removal of the guaranty action was timely filed under 28 U.S.C. § 1452 and Fed. R. Bankr. Pro. 9027(a)(2).

<u>28 U.S.C. 1452(b)</u>

MCAT also argues that the court should exercise its discretion to remand the case to the state court. The statute provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. 1452(b). Under this provision, courts have discretion to remand state law causes of action whenever doing so presents appropriate equitable grounds. *See Cook v. Cook*, 215 B.R. 975, 980 (Bankr. E.D. Mich. 1997). The factors to be taken into account in deciding whether remand is equitable include:

> 1) duplicative and uneconomical use of judicial resources in two forums; 2) prejudice to the involuntarily removed parties; 3) forum non conveniens; 4) the state court's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending.

*Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214-15 (N.D. Ohio 2000).

The Court finds that considerations of judicial economy and efficiencies for the litigants suggest that this case not be remanded.

The first cited factor is "duplicative and uneconomical use of judicial resources in two forums" and the sixth factor is "lessened possibility of an inconsistent result." These factors do not here support remand. If this case were to be remanded back to the Oakland County Circuit Court, the issues in MCAT's complaint would be litigated in two separate forums, which could lead to uneconomical use of judicial resources and a possibility of inconsistent results. Red Top has filed an adversary proceeding against MCAT in the Indianapolis Bankruptcy Court that raises the same issues raised by MCAT in this case. The extent of Dowden's liability, if any, is dependent upon the issues that are being litigated in the Indianapolis Bankruptcy Court. Specifically, Red Top's liability to MCAT and the priority of competing security interests in the collateral need to be resolved before Dowden's liability to MCAT can be determined. Thus, judicial efficiency would be better served by resolving the issues relating to the promissory note and security interests in the collateral in the same forum. Also, if all issues are litigated in the same forum, the possibility of inconsistent result would be eliminated.

The second cited factor is "prejudice to the involuntarily removed parties." MCAT argues that it would be prejudiced if the case is not remanded to the Oakland County Circuit Court because its witnesses and the parties involved are located in Michigan and because the parties negotiated a contract provision specifically consenting to "the jurisdiction and venue of any state or federal court located within the State of Michigan." (Plaintiff's Motion to Remand Removed Matter - Exhibit 6, *Guaranty of Payment* Para. 5). Given that MCAT is already a party

7

to the bankruptcy case and will be litigating Red Top's liability to it and the priority of the competing security interests in the bankruptcy court, the court does not find that MCAT will be unduly prejudiced if this case is not remanded. Also, although forum selection clauses are ordinarily upheld absent any indication that their enforcement would be "unreasonably or unjust," remand of this case to the Oakland County Circuit Court could lead to inconsistent determinations. *See Pinnacle Corp. v. Long-Term Capital Management, L.P. (In re Pinnacle Corp.)*, 237 B.R. 240, 245 (Bankr. D. Conn. 1999).

The fourth factor identified is "the state court's ability to handle a suit involving questions of state law" and the seventh factor is identified as "the expertise of the court in which the matter was originally pending." The claims asserted in MCAT's complaint are all related to alleged breaches of a promissory note and guaranty. Although these claims are state law claims, these claims are not such unique issues of Michigan law as would exceed the adjudicative abilities of this Court and thus compel remand.

Accordingly, the Court denies MCAT's Motion for Remand.

.

**Signed on December 29, 2009**

                                          `____ ___/s/ Walter Shapero_____`
                                          `Walter Shapero`
                                          `United States Bankruptcy Judge`